IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAWN M. GIFFIN,                              )
                                             )
                    Plaintiff               )         Civil No. 06-6174-TC
                                             )
            v.                               )         ORDER
                                             )
MICHAEL J. ASTRUE,                           )
Commissioner of Social Security,             )
                                             )
                    Defendant.               )

COFFIN, Magistrate Judge:

      Plaintiff Dawn Giffin ("Giffin") seeks judicial review of the Social Security

Commissioner's final decision denying her application for Disability Insurance Benefits ("DIB")

under Title II of the Social Security Act.  This court has jurisdiction under 42 U.S.C. §§ 405(g)

and 1383(c).  All parties have consented to entry of final judgment by a Magistrate Judge in

accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c).

      For the following reasons, the Commissioner's decision is AFFIRMED and the case is

dismissed.

*///*

## BACKGROUND

Born in 1970, Giffin completed one year of college. Tr. 83, 99. Between 1989 and June 2000 Giffin worked as a dental assistant. Tr. 94.

Giffin applied for DIB on February 4, 2001, alleging disability since June 7, 2001, due to "cervicalgia, neck disorder, myalgia and myositis" as well as "some anxiety." Tr. 85, 93. Giffin's application was denied initially and upon reconsideration. Tr. 69-73, 76-78. A hearing was held before an Administrative Law Judge ("ALJ") on December 5, 2002, and the ALJ found Giffin not disabled on December 18, 2002. Tr. 402-15. Giffin appealed that decision to this court, and on February 7, 2007, this court, i.e., United States District Judge Malcolm F. Marsh, remanded the matter for further proceedings. Tr. 418.

While this matter was pending Giffin filed a second DIB application on July 8, 2003. Tr. 446-48. The ALJ held a second hearing (Tr. 672-92) and subsequently consolidated both applications. Tr. 380. The ALJ issued a decision on March 28, 2006, finding that Giffin could perform work in the national economy, and therefore again finding her not disabled. Tr. 567-82. The Appeals Council did not assume jurisdiction, making the ALJ's March 28, 2006, decision the Commissioner's final decision. 20 C.F.R. § 404.984. Giffin seeks review of this finding.

## DISABILITY ANALYSIS

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the meaning of the Act. 20 C.F.R. § 404.1520, *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Giffin challenges the ALJ's evaluation of the evidence and his conclusion at step five.

At step one, the ALJ determines if the claimant is performing substantial gainful activity ("SGA"). If so, then the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(I).

At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the 12 month duration requirement. 20 C.F.R. §§ 404.1509; 404.1520(a)(4)(ii). If the claimant does not have such a severe impairment, she is not disabled. *Id.*

At step three, the ALJ determines whether the severe impairment meets or equals a "listed" impairment in the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is determined to meet or equal a listed impairment, then the claimant is disabled.

If adjudication proceeds beyond step three, the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite limitations imposed by her impairments. 20 C.F.R. § 404.1520(e); Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996). The ALJ uses this information to determine if the claimant can perform past relevant work at step four. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant can perform her past relevant work she is not disabled. *Id.*

At step five, the Commissioner must determine if the claimant is capable of performing work existing in the national economy. *Yuckert*, 482 U.S. at 142; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir.1999); 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(f).

The initial burden of establishing disability rests upon the claimant. *Tackett*, 180 F.3d at

1098. If the process reaches step five, the burden shifts to the Commissioner to show that "the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.* at 1100. If the Commissioner meets this burden the claimant is not disabled. 20 C.F.R. §§ 404.1566, 404.1520(g).

## THE ALJ'S FINDINGS

The ALJ found Giffin's fibromyalgia, chronic pain syndrome, cervical degenerative disc disease, and "mild to moderate" carpal tunnel syndrome "severe" at step two in the sequential proceedings. Tr. 382. The ALJ found that these impairments did not meet or equal a listing at step three and evaluated Giffin's RFC:

> [T]he claimant had the residual functional capacity to lift 10 pounds frequently and 20 pounds occasionally. She must avoid repetitive wrist movement and she is unable to work above shoulder level. She requires the flexibility to change positions as needed. She occasionally can bend, stoop and twist. She has a limited capacity to effect change in her life situation and is unable to exercise the iniative to independently establish work plans and goals.

Tr. 384. The ALJ found that Giffin could not perform her past relevant work at step four, but found that she could perform work in the national economy at step five. Tr. 386. The ALJ therefore found Giffin not disabled. Tr. 387.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Commissioner for Social Security Administration*, 359

4 - OPINION AND ORDER

F.3d 1190, 1193 (9th Cir. 2004). This court must weigh the evidence that supports and detracts from the ALJ's conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. *Id.* (citing *Robbins v. Social Security Administration*, 466 F.3d 880, 882 (9th Cir. 2006)), *see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. *Id.*, *see also Batson*, 359 F.3d at 1193.

## DISCUSSION

Giffin contends that the ALJ failed to comply with this court's remand order in evaluating the medical evidence and her testimony. Giffin incorrectly asserts that the Commissioner must assess medical evidence and her testimony under his step five burden. The ALJ evaluates medical evidence and claimant testimony prior to assessing the claimant's RFC. 20 C.F.R. § 404.1520(e); SSR 96-8p. This analysis occurs prior to step four and step five analysis. *Id.* The claimant therefore bears the burden of proof when the ALJ assesses her RFC. *Tackett*, 180 F.3d at 1098. The burden does not shift to the Commissioner until after the claimant has established she cannot perform her past relevant work. *Id.* at 1100.

## I.    Medical Source Statements

Giffin contends that the ALJ's evaluation of Drs. Dekker-Jansen and Greenough fails to comply with this court's remand order. This court found that the ALJ selectively analyzed Dr. Greenough's report and failed to justify excluding mental limitations in questioning to the vocational expert at step five in the sequential proceedings. Tr. 425. The court also found that

5 - OPINION AND ORDER

the ALJ's hypothetical question to the vocational expert at step five did not include any RFC

limitations suggested by pain specialist Dr. Dekker-Jansen.  Tr. 426.  However, the court

declined to credit the opinions of Drs. Greenough and Dekker-Jansen, instructing the ALJ to

provide "clarification of whether the ALJ accepts or rejects" these opinions.  Tr. 427.

### A.    Legal Standard

An ALJ's deviation from a remand order is legal error which may warrant reversal.

*Sullivan v. Hudson*, 490 U.S. 877 (1989).  In evaluating the ALJ's response to this court's

particular remand order, the legal standards governing evaluation of medical evidence come into

play.  The ALJ must give specific, legitimate reasons supported by substantial evidence for

rejecting a controverted opinion and "clear and convincing reasons" for rejecting an

uncontroverted opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  This

evaluation may set out a detailed and thorough summary of the facts and conflicting clinical

evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  The opinion of a physician,

however, is not necessarily conclusive to the ultimate issue of disability, which is reserved for the

Commissioner.  20 C.F.R. § 404.1527(c)(1).

### B.    Examining Psychologist Dr. Greenough

Giffin submits that the ALJ failed to give "clear proper consideration" to Dr. Greenough's

opinion. Pl.'s Opening Br. 18.  Giffin subsequently reiterates the ALJ's findings and concludes,

"although the ALJ claimed to have credited Dr. Greenough's opinion, he turned the psychologist's

opinion on its head, using them [sic] to find Giffin incredible." *Id.* at 19.

Dr. Greenough evaluated Giffin on January 15, 2002.  Tr. 349-57.  Dr. Greenough

assessed a "mild to moderate" attention deficit disorder diagnosis ("ADD"), a provisional post traumatic stress disorder diagnosis, and a "rule out" verbal processing deficit learning disorder. Tr. 354. Dr. Greenough did not formally diagnose a personality disorder, but noted a "dependent and avoidant personality tendency." *Id.*

The ALJ discussed Dr. Greenough's opinion and this court's remand order. Tr. 383. The ALJ considered Dr. Greenough's attention deficit and post traumatic stress disorder diagnoses "equivocal," noting that the diagnoses are "provisional." *Id.* The ALJ also noted that Dr. Greenough did not assign a personality disorder diagnosis and that Giffin resists treatment for her disorders. *Id.*

### a.    Attention Deficit Disorder Diagnosis

Dr. Greenough did not assign a "provisional" prefix to his attention deficit disorder diagnosis. Tr. 354. Dr. Greenough also specifically noted that Giffin "is interested, and very direct about her interest in pursuing treatment for her ADD." *Id.* The ALJ's reasons for assigning less weight to Dr. Greenough's ADD diagnosis are therefore not based upon the record. However, Dr. Greenough did not assign any work-related restrictions due to Giffin's ADD. Tr. 354. While Giffin testified to emotional limitations due to her fibromyalgia pain, she did not testify to limitations stemming from her ADD. Tr. 682. For these reasons, any omission by the ALJ was inconsequential. *Stout v. Comm'r*, 454 F.3d 1050, 1055-56 (9th Cir. 2006).

### b.    Other Diagnoses

The ALJ correctly noted that Dr. Greenough's remaining diagnoses were provisional and that Dr. Greenough's conclusion focused upon Giffin's reluctance to pursue treatment and her

motivation to work. Tr. 383. The record confirms that Dr. Greenough did not assess any

"severe" or work related limitations stemming from his PTSD or personality assessments. Tr.

354-55.

The ALJ subsequently gave greater weight to Disability Determination Services ("DDS")[1]

psychologist's opinions that Giffin's mental impairments were both non-severe and created no

work related limitations. Tr. 383. An ALJ "may reject the testimony of an examining, non-

treating physician when he gives specific, legitimate reasons for doing so, and those reasons are

supported by *substantial record evidence*." *Lester*, 81 F,3d at 831 (citing *Roberts v. Shalala*, 66

F.3d 179, 184 (9th Cir. 1995)(emphasis original)). This rejection may rely upon a reviewing

physician's opinion if that opinion is consistent with other evidence of record. *Id.*

Here, the DDS opinions do not contradict Dr. Greenough's opinion because Dr.

Greenough did not find Giffin's ADD "severe" and did not assign a definitive PTSD or

personality disorder diagnosis. Tr. 265-78. The DDS opinions are both consistent with Dr.

Greenough's opinion and supported by the record. The ALJ appropriately relied upon these

opinions.

Except as noted, the ALJ's analysis of Dr. Greenough's opinion is based upon the correct

legal standards. Giffin points to no reversible error and the ALJ's analysis of Dr. Greenough's

report is therefore affirmed.

---

[1]DDS is a federally-funded state agency that makes eligibility determinations on behalf
and under the supervision of the Social Security Administration pursuant to 42 U.S.C. § 421(a)
and 20 C.F.R. § 404.1503.

C.    **Pain Specialist Dr. Dekker-Jansen**

Dr. Dekker-Jansen examined Giffin on July 17, 2001. Tr. 315-20. Dr. Dekker-Jansen assessed chronic shoulder and neck pain without evidence of radiculopathy, a "fibromyalgia-like condition," ulnar nerve irritation, anxiety, irritable bowel syndrome, cervical headaches, and non-restorative sleep. Dr. Giffin based her assessment upon Giffin's reported history and neurologic exam which showed intact neurologically functioning motor strength. Tr. 315-18. Dr. Dekker-Jansen assigned work restrictions which "include no pushing, pulling or lifting over five pounds; move around, sit or stand as needed; avoid reaching bending, stooping, twisting, avoid repetitive wrist movements; and minimal work above shoulder level." Tr. 319.

The ALJ accepted all of these limitations except Dr. Dekker-Jansen's five-pound lifting restriction. Tr. 384-85. The ALJ found that Giffin's reported activities of daily living contradicted Dr. Dekker-Jansen's lifting restriction. Tr. 385. Because an ALJ may reject a physician's statements predicated upon the testimony or conduct of a claimant deemed not credible, *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001), this is an adequate reasons to reject an aspect of an examining physician's opinion. The ALJ's analysis of Dr. Dekker-Jansen's opinion is sustained.

In summary, Giffin fails to show that the ALJ's analysis of the medical evidence fails to comply with this court's remand order. As instructed, the ALJ provided adequate clarification for the weight accorded to the medical sources discussed above.

II.    **Credibility**

Giffin contends the ALJ erroneously rejected her testimony. The ALJ presently relied

upon his credibility findings from his December 2002 decision, noting that this court did not disturb these findings. Tr. 384. This court declined to address these findings because the matter was remanded for re-evaluation of the medical evidence discussed above. Tr. 422.

The ALJ's initial decision found Giffin not credible based upon her reported activities of daily living. Tr. 410. The ALJ presently added that Giffin "resists" recommended treatment for her mental health conditions and noted Dr. Greenough's statement that Giffin lacked motivation to work. Tr. 383. These are acceptable reasons for finding a claimant not credible. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ's credibility decision is affirmed.


### III.    Step Five Findings

Finally, Giffin contends that the ALJ's questions to the vocational expert ("VE") at step five of the sequential proceeding was not based upon an appropriate RFC assessment.

The ALJ is not required to include unsupported limitations in his hypothetical questions to a VE. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-64 (9th Cir. 2001). For the reasons stated above, Giffin fails to show substantive error in the ALJ's evaluation of the medical evidence, Giffin's credibility, and Giffin's RFC. The ALJ appropriately relied upon this RFC and the VE's testimony in his step five finding. *Id*. Giffin therefore fails to show error in the ALJ's questions to the VE.

## CONCLUSION

The ALJ's findings comply with this court's remand order. Giffin fails to identify reversible error in the ALJ's RFC assessment. As such, the Commissioner's decision that Giffin did not suffer from disability and is not entitled to benefits under Title II of the Social Security Act is based upon correct legal standards. The Commissioner's decision is AFFIRMED and this action is dismissed.

IT IS SO ORDERED.

DATED this __22nd__ day of April, 2008.

Thomas M. Coffin
United States Magistrate Judge

11 - OPINION AND ORDER